Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address:  ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF Coconino

Peter Strojnik
Plaintiff(s),

v.                                                          Case No.    S0300CV202000441

Rosalee Schneider
Defendant(s).                                  **SUMMONS**

To:  Rosalee Schneider

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 200 N San Francisco
    Flagstaff AZ 86001 or electronically file your Answer through one of Arizona's approved
    electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Coconino

SIGNED AND SEALED this date:*September 9, 2020*

*Valerie Wyant*
Clerk of Superior Court

By:*JDUTTON*
Deputy Clerk



FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/09/2020 3:05PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000441
HON.  TED REED

1  Peter Strojnik,
2  7847 N. Central Ave.
   Phoenix, AZ 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

## COCONINO COUNTY SUPERIOR COURT

## STATE OF ARIZONA

5

6

7                                                    Case No:

8  Peter Strojnik,
                                                     **CERTIFICATE OF**
9                                                    **COMPULSORY**
                              Plaintiff,             **ARBITRATION**
10

11

12                 vs.

13

14  Rosalee Schneider dba Sedona Cedars Resort,

15                              Defendant.

16

17       I certify that the above cause is not subject to compulsory arbitration pursuant to

18  Rules 72-77 of the Rules of Civil Procedure.

19                          DATED this 9ᵗʰ day of September, 2020.

20
                            **PETER STROJNIK**
21

22  _____

23                          Peter Strojnik
                            Plaintiff
24

25

26

27

28

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/09/2020 3:03PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202000441
HON. TED REED

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCONINO**

Peter Strojnik,

                      Plaintiff,

vs.

Rosalee Schneider dba Sedona Cedars
Resort

                      Defendant.

Case No:
**COMPLAINT**

1. **Americans with Disabilities Act**
2. **Negligence**
3. **Failure to Disclose**
4. **Fraud / Consumer Fraud**

**JURY TRIAL REQUESTED**

**INTRODUCTION**

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age", 42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, including this Defendant.

2. ADA violators' failure to accommodate the disabled has been largely accepted in today's America. During the 30 year life of the ADA, offenders have infused themselves into every capillary of the social body in order to portray the disabled as inconsequential throwaway family of individuals not worthy of equal access. They whispered and sniveled their segregationist views into the ears of the media and the general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

3. But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8), does not permit consideration of the prevailing public bias.

As in the case of 1963 Alabama when George Wallace infamously declared "segregation now, segregation tomorrow, segregation forever"[1] which became a rallying cry for those opposed to integration and the Civil Rights Movement, so does today's public sentiment view segregationist public accommodation with conscious indifference. With respect to the ADA, setting aside silent biases is a hard way of achieving integration, but it is the only way that works.

4. Therefore, Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, (3) Failure to Disclose and (4) Fraud / Consumer Fraud.

## PARTIES

1. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

2. Defendant owns, operates leases or leases to a lodging business located at 20 n. Highway 89A, Sedona, AZ 86336 ("Hotel").

## JURISDICTION AND VENUE

3. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

4. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

5. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly

---

[1] 1963 inaugural address.

2

1    configured handrail relates to Plaintiff's walking and grasping while an improperly

2    configured staircase relates to his walking and climbing impairments[2].

3  6.   These barriers impair Plaintiff's full and equal access to the Hotel.

4  7.  Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the

5      Hotel is not ADA compliant as such compliance relates to Plaintiff's disability.

6      However, Plaintiff intends to return to the Hotels periodically to test them for ADA

7      compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test

       their accessibility within a year's time.

8  8.  Plaintiff intends to visit the Hotels at a specific time when they become fully

9      compliant with ADAAG; just as a disabled individual who intends to return to a

10     noncompliant Hotel suffers an imminent injury from the Hotel's existing or

11     imminently threatened noncompliance with the ADA, a plaintiff who is

12     deterred from patronizing a hotel suffers the ongoing actual injury of lack of access

13     to the Hotel.

14 **PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT**

15               **ACT AND 28 C.F.R. 36.105**

16  9.  At all times relevant hereto, Plaintiff suffered from the following physical

17     disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-

18     sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right

19     knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows

20     and wrists, pleurisy, hyper blood pressure.

21  10. Plaintiff's physical infirmities alleged above do both of the following:

22    a.  Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive

23       and genitourinary body systems; and

24

25

26 [2] These are merely examples of the application of common sense; the referenced violations

27 were not necessarily encountered at Defendant's Hotel. The actual barriers are
photographically documented elsewhere in this Complaint. Each photograph has a

28 description of the violation in common everyday language which relates to one or more of
the limited life activities described above.

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

11. Plaintiff has a history of impairments stated in the preceding paragraph.

12. Plaintiff is regarded as having a physical conditions that limit major life activities.

13. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



14. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

15. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |

4

| | | | | | |
|---|---|---|---|---|---|
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |

| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i)<br>(d)(1)(iv)<br>(d))1)(v)<br>(d))1)(vi)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
|---|---|---|---|---|---|
| | | | Table 1 | | |

16. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

17. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

18. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

19. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

    (i) Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

    (ii) Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[3]:

    (i) Operable parts [205[4], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[3] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[4] Bracketed numbers refer to Standards for Accessibility Design.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort

8

1  when using, negotiating, overcoming or otherwise encountering such barriers

2  and deprive him of full and equal enjoyment of the hotel.

3  (viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant

4  transient lodging guest room causes Plaintiff to experience pain and discomfort

5  when using, negotiating, overcoming or otherwise encountering such a barrier

6  and deprive him of full and equal enjoyment of the hotel.

7  (ix)  Dining surfaces and work surfaces, benches, check out isles and sales and

8  service counters [902, 903, 904]. An encounter with a non-compliant dining

9  surfaces and work surfaces, benches, check out isles and sales and service

10  counters cause Plaintiff to experience pain and discomfort when using,

11  negotiating, overcoming or otherwise encountering such barriers and deprive

12  him of full and equal enjoyment of the hotel.

13  (x) Swimming pools and saunas [1009]. An encounter with non-compliant

14  swimming pools or saunas causes Plaintiff to experience pain and discomfort

15  when using, negotiating, overcoming or otherwise encountering such barriers

16  and deprive him of full and equal enjoyment of the hotel.

17  20. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies]

18  and describe[s] accessible features and guest rooms offered through its reservations

19  service in sufficient detail to assess independently whether [Defendant's Hotel or

20  guest room] meet [Plaintiff's] accessibility needs".

21  21. The reproduction of relevant booking websites in Table 2 below demonstrates a

22  failure to identify and describe accessible features and guest rooms offered through

23  its reservations service in sufficient detail to permit Plaintiff to assess independently

24  whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION<br>https://www.sedonacedarsresort.com/menities/ |
| --- |
| **NO ACCESSIBILITY INFORMATION** |
| **Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii). |