| |
|---|
| The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel: Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about July 27, 2020. |//
| Table 2 |

22. Plaintiff alleges that he personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

| PERSONAL ENCOUNTERS WITH BARRIERS |
|---|
|  |
| Identification |

Inaccessible route to lobby wign no signage to accessible route.

Inaccessible to registration with no signage to accessible route.

Inaccessible check in counter.

Unmarked handicapped parking

12

Accessible parking sign too low.

Open risers throughout.

**No handrails.**

**Improperly configured handrails throughout.**

14

No access to pool.

Pool access latch too high.



Non-fixed pool lift.

No spa accessibility.

16

| |
|---|
|  |
| Inaccessible egress from pool area. |
| Identification of Specific Barrier in Plain Language: As indicate below each photo. |
| The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel: On or about July 27, 2020. |
| Table 3. |

23. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

24. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

25. The removal of barriers is readily achievable.

26. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE**, Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

**COUNT TWO**
Negligence and Negligence Per Se

27. Plaintiff realleges all allegations heretofore set forth.

28. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

29. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See*, e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

30. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

31. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

32. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

33. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

34. Defendant breached this duty.

18

35. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.
36. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.
37. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.
38. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Failure to Disclose

39. Plaintiff realleges all allegations heretofore set forth.
40. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.
41. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.
42. The compliance with the ADA is a fact basic to the transaction.
43. Defendant failed to make the necessary disclosures.
44. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

19

45. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.
46. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.
47. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and
    B. For damages in the amount requested; and
    C. For punitive damages in the amount requested; and
    D. For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
Fraud
Common Law and Consumer

48. Plaintiff realleges all allegations heretofore set forth.
49. Defendant made representation(s) as alleged in Table 2 above.
50. The representation(s) were material.
51. The representation(s) were false.
52. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.
53. Defendant intended that Plaintiff rely on the false representation(s).
54. Plaintiff reasonably relied on the misrepresentation(s).
55. Plaintiff has a right to rely on the misrepresentation(s).
56. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

20

57. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

58. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

59. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**REASONS WHY HIGH PUNITIVE DAMAGES AWARD IS NECESSARY IN THIS CASE**

62. Factors for consideration include:
    a. Reprehensibility of Defendants' conduct; and
    b. The severity of the harm likely to result, i.e. segregation of persons with disabilities; and
    c. The actual segregation of Plaintiff from the rest of the traveling public; and
    d. The duration of the misconduct is over 30 years and
    e. Defendants' were fully aware of their own illicit maintenance of hotels; and
    f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,

767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

63. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 9th day of September, 2020

**PETER STROJNIK**

*/s/ Peter Strojnik*
_____
Peter Strojnik
Plaintiff