**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08268-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Rosalee Schnieder, | |
| Defendant. | |

This case is nearly identical to *Strojnik v. Forest Villas Inn II LLC*, 2021 WL 2138797 (D. Ariz. 2021). There, as here, *pro se* Plaintiff Peter Strojnik ("Strojnik")—a disbarred former attorney who has been declared a vexatious litigant by multiple courts—brought an action in Arizona state court against a hotel operator in which he asserted a claim under the Americans with Disabilities Act ("ADA") and related state-law claims. (Doc. 1-3 at 4-12, Doc. 1-4 at 1-13.)[1] The complaints in the two actions are quite similar, with many of the same paragraphs appearing in each version.

For example, the complaint in this action alleges that Strojnik is disabled because he "suffer[s] from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure." (Doc. 1-3 at 6 ¶ 9.)

---

[1] For unknown reasons, the complaint is split into two separate documents, Doc. 1-3 (where it begins on page 4, following the summons and certificate of compulsory arbitration) and Doc. 1-4.

The complaint further alleges that these physical disabilities "[a]ffect [Strojnik's] neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems" and "[l]imit . . . the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities." (*Id.* at 7 ¶ 10.) Additionally, the complaint alleges that, "[i]n their unmitigated, active state," these "impairments require the use of a wheelchair." (*Id.* at 9 ¶ 17.) Finally, the complaint alleges that Strojnik "personally visited the [h]otel and personally encountered" a series of "photographically documented conditions" and "barrier[s]" that "affected [Strojnik's] impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." (Doc. 1-4 at 1 ¶ 22.) The captions below the photographs include phrases such as "Identification," "Unmarked handicapped parking," "Improperly configured handrails throughout," "Inaccessible check in counter," and "Pool access latch too high." (*Id.* at 1-8.)

The same verbiage appears, often verbatim, in the *Forest Villas Inn II* complaint. It, too, alleges that Strojnik is disabled because he "suffer[s] from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure." (*Strojnik v. Forest Villas Inn II, LLC*, Case No. 20-cv-8328-DWL, Doc. 1-3 at 4 ¶ 13.)[2] It, too, alleges that these physical disabilities "[a]ffect [Strojnik's] neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems" and "[l]imit . . . the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows,

---

[2] This pleading is subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities." (*Id.* at 4 ¶ 14.) It, too, further alleges that, "[i]n their unmitigated, active state," these "impairments require the use of a wheelchair." (*Id.* at 6 ¶ 21.) It, too, alleges that Strojnik "personally visited the hotel and personally encountered" a series of "photographically documented conditions" and "barrier[s]" that "affected [Strojnik's] impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." (*Id.* at 10 ¶ 26.) And it, too, includes the following captions below the photographs: "Identification," "Improperly marked accessible parking," "Improperly configured handrails throughout," "Inaccessible check in counter," and "Pool security latch too high." (*Id.* at 10-17.)

The procedural histories of the two cases are also similar. There, as here, the defendant timely removed the action to federal court, based on the presence of a federal claim, and then raised a challenge to Strojnik's standing. There, as here, Strojnik responded by filing an opposition in which he barely addressed the issue of standing and made a vague request for leave to amend. And there, as here, the defendant argued that dismissal, rather than a remand to state court, is the appropriate outcome pursuant to *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991) in light of the futility of Strojnik's claims.

Given the extreme overlap between the two cases, the outcome here is straightforward. The Court has carefully reviewed the complaint in this case and concludes that it is deficient for the same reasons as the complaint in *Forest Villas Inn II*. The analysis in the Court's May 26, 2021 order in that case, 2021 WL 2138797, is incorporated in full here. The Court further concludes that a remand to state court would be futile under *Bell* for the same reasons that futility was established in *Forest Villas Inn II* and that Strojnik's request for leave to amend should be denied for the same reasons that his amendment request was denied in *Forest Villas Inn II*.

Finally, unlike in *Forest Villas Inn II*, Strojnik has separately filed a motion for sanctions against opposing counsel. (Doc. 13.) Strojnik has filed similar (if not identical) motions in other actions before this Court and those motions have been consistently denied.

*Strojnik v. Ashford Scottsdale LP*, 2021 WL 2002977, *4 (D. Ariz. 2021); *Strojnik v. LADA Sedona LP*, 2021 WL 2043021, *1 (D. Ariz. 2021). The motion here is denied for the same reasons as the previous ones.

Accordingly, **IT IS ORDERED** that:

1. Defendant's motion to dismiss (Doc. 10) is **granted**.
2. Strojnik's motion for sanctions (Doc. 13) is **denied**.
3. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 26th day of July, 2021.

Dominic W. Lanza
United States District Judge